UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                          **v.**           **06-CR-424S(Sr)**

**DEMETRIUS WILLIAMS,**

        **Defendant.**

_____

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #10.[1] Presently pending before this Court is defendant's omnibus motion for discovery. Dkt. #11. At the conclusion of defendant's omnibus motion, the defendant includes a section entitled "Suppression of Physical Evidence," wherein he states,

> Any physical evidence derived from a search warrant that
> relied upon any of the above mentioned evidence that
> should be suppressed should also be suppressed as fruit of
> the poisonous tree insofar as defendant Williams has
> standing to bring such motion.

Dkt. #11, ¶ 67. With the exception of this single paragraph, the defendant offers absolutely no legal support for his conclusion that evidence purportedly obtained by

---

[1] Following extensive and ultimately unsuccessful plea discussions, including the scheduling and re-scheduling of a plea proceeding before United States District Judge William M. Skretny on numerous occasions, Judge Skretny re-referred this matter to the undersigned at which time the previously filed omnibus motion for discovery was taken under advisement. Dkt. ## 29 and 30.

reason of a search warrant should be suppressed. In fact, based on this Court's review of the defendant's motion and the government's response, it is unclear what investigative techniques were undertaken in connection with this investigation, including whether a search warrant was even issued. Accordingly, based on the absence of any legal basis to even consider suppression as a remedy, this Court recommends that the defendant's motion to suppress be DENIED in its entirety and it is hereby

**ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*,

474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

       **SO ORDERED.**

DATED:    Buffalo, New York
             September 9, 2009

                                                  s/ H. Kenneth Schroeder, Jr.
                                                  **H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**